# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH A. DEWBRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-09-265-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The claimant Deborah Ann Dewbre requests judicial review of the Commissioner of the Social Security Administration's denial of benefits pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the Commissioner's decision is REVERSED and the case is REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on August 22, 1957, and was fifty years old at the time of the administrative hearing (Tr. 23). She has a high school diploma, attended three years of college (Tr. 394) and has worked as a hospital switchboard operator and data processor (Tr. 123). The claimant alleges inability to work since September 14, 2005 because of diabetes, cataracts, osteoarthritis, leg and back pains, and morbid obesity (Tr. 122).

**Procedural History**

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on September 21, 2006. Her applications were denied. ALJ Lantz McClain conducted an administrative hearing and determined the claimant was not disabled in a written opinion dated November 5, 2008. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation, *i. e.*, he found the claimant retained the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a), 416.967(a) (Tr. 15). The ALJ

concluded that the claimant was not disabled because she could return to her past relevant work as a switchboard operator and data entry worker as those jobs are generally performed in the national economy (Tr. 18).

**Review**

The claimant contends the ALJ erred by failing to properly evaluate her credibility concerning her visual impairment and to account for such impairment in formulating her RFC. Because the Court finds that the ALJ failed to properly evaluate the claimant's visual impairment, the decision of the Commissioner must be reversed.

The claimant began seeing opthamologist Dr. Lee Schoeffler, M.D. apparently on April 7, 2006, at which time she was diagnosed with worsening background diabetic retinopathy and worsening macular edema (Tr. 403). Dr. Schoeffler also noted that claimant's fundus exam showed moderate "blot and dot" microaneurysms and hemorrhages (Tr. 402). These findings, along with findings of moderate background diabetic retinopathy were continued from April 2006 through July 2007 when Dr. Schoeffler's notes end (Tr. 385, 388, 393, 395, 399). In May, June and July 2007, it was also noted that claimant was diagnosed with proliferative diabetic retinopathy, evidencing that claimant's retinopathy was worsening (Tr. 385, 388, 392).

At the time of claimant's disability application, she alleged as one of the conditions limiting her ability to work cataracts in both eyes and stated that her eyes were weak (Tr. 122). In her function report, the claimant made several statements regarding the condition of her eyes, *i. e.*, she could not see well after dark, she has given too much

money when paying for things because of her poor eyesight, and that her "blurred vision affects both reading and television" (Tr. 142-43). On April 12, 2007, the claimant stated in her disability appeal form that her "[d]iabetes has really starting affecting vision and kidneys" (Tr. 163). The ALJ asked the claimant about her retinopathy at the administrative hearing and claimant responded that she sometimes experiences pain in her eyes, especially when she reads a lot (Tr. 30). The claimant also testified that her vision was not good due to bleeding in the back of her left eye and suspected bleeding in the back of her right eye (Tr. 30).

A claimant has the burden of proof at step two to show that she has an impairment severe enough to interfere with her ability to perform work. *Bowen v. Yuckert*, 482 U.S. 137 (1987). Although she "must show more than the mere presence of a condition or ailment[,]" *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997), the claimant's burden at step two requires a *de minimis* showing of impairment. *Hawkins*, 113 F.3d at 1169, *citing Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). The claimant specifically raised the possibility that her visual impairment was severe when she applied for benefits and when she testified at the administrative hearing, but the ALJ made no mention of this impairment (or any of the evidence documenting it) in discussing her other impairments. *See, e. g., Spicer v. Barnhart*, 64 Fed. Appx. 173, 177 (10th Cir. 2003) (reversing ALJ's decision when he failed to even mention an impairment making it impossible to determine if he formed any conclusion regarding the impairment individually or in combination with other impairments when evaluating the RFC).

While a finding of non-severity might be inferred from the failure to discuss the claimant's visual impairment, such an inference is beyond the scope of this Court's review. *See Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) (A reviewing court is "'not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991). It is the ALJ who should have discussed the evidence of the claimant's macular edema and diabetic retinopathy and her subjective complaints regarding these conditions and explained why he did not find them to be severe. *See Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

Because the ALJ failed to consider evidence of the claimant's visual impairment, the decision of the Commissioner must be reversed and the case remanded for further analysis. On remand, the ALJ should determine whether claimant's visual impairment is severe and include any additional limitations he finds appropriate in her RFC. The ALJ should then re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied and the decision of the Commissioner is therefore not supported by substantial evidence. The

decision of the Commissioner is consequently REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 30th day of September, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**